OPINION OF THE COURT
J. Radley Herold, J.
Petitioner herein challenges, on various grounds, the disciplinary action taken against him on April 1, 1987 at the conclusion of a Superintendent’s hearing. This court hereby *447 grants the petition to the extent that the determination of the Hearing Officer together with the subsequent penalty imposed is vacated and a new hearing ordered. Said hearing is to commence within seven days of the receipt of this order with notice of entry and shall be completed within 14 days of its commencement.
The court finds the denial of the adjournment sought by petitioner, which in no way would have prejudiced respondent, a violation of due process of law as guaranteed by the New York State and United States Constitutions as well as by 7 NYCRR 250.2 (d). Further, the court finds a violation of due process and 7 NYCRR 254.5 in respondent’s denial of petitioner’s employee witnesses and effective denial of the inmate witness. Thus, it is hereby ordered that, upon the new hearing, the inmate witness requested by petitioner be produced for testimony or if such witness should refuse to testify that adequate inquiry be made, on the record, as to the reason(s) for such refusal. (Matter of Barnes v LeFevre, 69 NY2d 649 [1986].) Additionally, it is directed that the employee witnesses requested by petitioner be examined during the course of the hearing. (Matter of Mercado v Kirk, 118 AD2d 917 [3d Dept 1986].) Petitioner’s contention as to cumulative punishment will not be addressed by the court, in that in light of the new hearing ordered such would be premature.